**FORD MOTOR/VISTEON SYSTEMS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GERLACH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 13, 2009.

Decided April 1, 2009.

Reargument Denied En Banc May 26, 2009.

Kelly A. Hemple, Philadelphia, for petitioner.

Joseph C. Huttemann, Philadelphia, for respondent.

BEFORE: LEADBETTER, President Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Ford Motor/Visteon Systems (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed, as modified, the decision of a Workers' Compensation Judge (WCJ) granting Employer's Modification Petition. The Board modified the effective date of the modification from August 24, 2006 to December 30, 2007. We reverse the Board's order and reinstate the WCJ's decision in full.

Gwendolyn Gerlach (Claimant) sustained an injury in the course and scope of her employment on February 28, 2001. Employer accepted liability pursuant to a Notice of Compensation Payable that was subsequently amended to include additional injuries. On December 14, 2006, Employer filed a Modification Petition seeking to convert Claimant's benefits status from total disability to partial disability based on a 19% impairment rating calculated by Scott Naftulin, D.O., who examined Claimant on August 24, 2006. By a decision circulated October 31, 2007, the WCJ, noting the testimony of Dr. Naftulin was unchallenged, granted Employer's Modification Petition and changed Claimant's disability status from total to partial disability effective August 24, 2006.

In an opinion dated September 9, 2008, the Board affirmed as modified. It noted that this matter was not one where relief is self-executing; *i.e.,* where an impairment rating evaluation (IRE) is timely requested upon a claimant's receipt of 104 weeks of disability and that evaluation

yields an impairment rating of less than 50%. Rather, an adjudication was required before benefits could be modified. The Board found that Claimant was not adjudicated to have an impairment rating of less than 50% until the date of the WCJ's decision, October 31, 2007. Consequently, the Board, relying on Section 306(a.2) of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, indicated Claimant's benefits should be modified to partial disability as of December 30, 2007, sixty days from the date of the WCJ's decision, as opposed to August 24, 2006.[1]

On appeal to this Court, Employer argues that the WCJ was correct in the first instance in finding that the Claimant's workers' compensation benefit status should be modified from total to partial disability as of the date of Dr. Naftulin's examination.[2] Employer contends the effective date of the modification should be based on the date the credible evidence indicates the injured worker was no longer entitled to total disability.[3]

Section 123.102 of the Act 57 Regulations states, in pertinent part:

(a) During the 60–day period subsequent to the expiration of the employee's receipt of 104 weeks of total disability that is less than fifty per centum of the degree of impairment defined under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

(6) Upon request of the insurer, the employee shall submit to an independent medical examination in accordance with the provisions of section 314 to determine the status of impairment: Provided, however, That for purposes of this clause, the employee shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period. (Emphasis added).

1. Section 306(a.2) of the Act provides, in pertinent part:

(1) When an employee has received total disability compensation ... for a period of one hundred four weeks, unless otherwise agreed to, the employee shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any ...

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employee shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits.... If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employee shall then receive partial disability benefits under clause (b): *Provided, however, That no reduction shall be made until sixty days' notice of modification is given.*

...

(5) *Total disability shall continue until it is adjudicated or agreed under clause (b) that total disability has ceased or the employee's condition improves to an impairment rating*

2. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *YDC New Castle-PA DPW v. Workers' Compensation Appeal Board (Hedland)*, 950 A.2d 1107 (Pa.Cmwlth. 2008).

3. Although Claimant's actual disability rate remains unchanged based upon the WCJ's grant of Employer's Modification Petition, Section 306(b) of the Act, 77 P.S. § 512, limits Claimant's receipt of partial disability benefits to 500 weeks. There is no limit to the number of weeks a claimant can receive total disability. *Combine v. Workers' Compensation Appeal Board (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776, 781 fn. 4 (Pa.Cmwlth.2008)

benefits, the insurer may request the employee's attendance at an IRE. If the evaluation is scheduled to occur during this 60–day time period, the adjustment of the benefit status shall relate back to the expiration of the employee's receipt of 104 weeks of total disability benefits. *In all other cases, the adjustment of the disability status shall be effective as of the date of the evaluation or as determined by the evaluating physician.* (Emphasis added).

34 Pa.Code § 123.102

Section 123.105 of the Act 57 Regulations provides:

(a) When properly requested under § 123.102 (relating to IRE requests), an IRE shall be conducted in all cases and an impairment rating determination must result under the most recent edition of the AMA "Guides to the Evaluation of Permanent Impairment."

. . .

(c) The physician performing the IRE shall complete Form LIBC–767, "Impairment Rating Determination Face Sheet" (Face Sheet), which sets forth the impairment rating of the compensable injury. The physician shall attach to the Face Sheet the "Report of Medical Evaluation" as specified in the AMA "Guides to the Evaluation of Permanent Impairment." The Face Sheet and report shall be provided to the employee, employee's counsel, if known, insurer and the Department within 30 days from the date of the impairment evaluation.

(d) If the evaluation results in an impairment rating of less than 50%, the employee shall receive benefits partial in character. To adjust the status of the employee's benefits from total to partial, the insurer shall provide notice to the employee, the employee's counsel, if known, and the Department, on Form LIBC–764, "Notice of Change of Work-ers' Compensation Disability Status," of the following:

(1) The evaluation has resulted in an impairment rating of less than 50%.

*(2) Sixty days from the date of the notice the employee's benefit status shall be adjusted from total to partial.*

(3) The adjustment of benefit status does not change the amount of the weekly workers' compensation benefit.

(4) An employee may only receive partial disability benefits for a maximum of 500 weeks.

(5) The employee may appeal the adjustment of benefit status to a workers' compensation judge by filing a Petition for Review with the Department. . . . (Emphasis added).

34 Pa.Code § 123.105

Subsections (1) and (2) of Section 306(a.2) of the Act provide for a self-executing, automatic modification of benefits when the employer requests an IRE within sixty days after the claimant receives 104 weeks of total disability. *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures),* 585 Pa. 366, 888 A.2d 758 (2005). This assumes, of course, that the IRE physician calculated an impairment rating of less than 50%. Nonetheless, an employer that does not comply with the timeframe established by Section 306(a.2)(1) is not forever barred from requesting that a claimant submit to an IRE at a later time. *Gardner,* 585 Pa. at 382, 888 A.2d at 767–68. The Supreme Court explained that Subsections (5) and (6) of Section 306(a.2) of the Act permit an employer to request that a claimant submit to an IRE although the results are not self-executing. *Id.* at 379–80, 888 A.2d at 766. Rather, the employer must proceed with the results through the traditional administrative process. *Id.* at 382, 888 A.2d at 768.

The Supreme Court indicated that the entire text of 34 Pa.Code. § 123.102 is somewhat inconsistent with Section 306(a.2) of the Act. *Id.* at 381–382, 888 A.2d at 767. Such inconsistency was found only to the extent Section 123.102 of the Act 57 Regulations could be read to indicate an employer could obtain automatic relief even if it failed to timely request an IRE after the claimant received 104 weeks of total disability benefits. *Id.* at 382, 888 A.2d at 767. The Court conceded that portions of Section 123.102 of the Act 57 Regulations could be read to support its view that a claimant may be requested to submit to an IRE beyond the initial sixty-day window following receipt of 104 weeks of total disability, but that the results of the IRE are not self-effectuating. *Id.*

The factual scenario present before us is not one of self-executing relief. Therefore Subsections (1) and (2) of Section 306(a.2) of the Act are inapplicable to the present matter. *Gardner.* Rather, Employer proceeded through the traditional administrative process by filing its Modification Petition that was heard before the WCJ who issued the decision in this matter. Consequently, Subsections (5) and (6) of Section 306(a.2) of the Act are applicable. *Id.* Section 123.102 of the Act 57 Regulations instructs that in all cases where a change in the claimant's disability status to partial disability based on an impairment rating of less than 50% is obtained through an adjudication, the change shall be effective as of the date of the evaluation of the IRE physician.[4]

We acknowledge that Section 306(a.2)(2) of the Act provides that a claimant's benefits shall not be reduced to partial disability based upon an impairment rating of less than 50% until the claimant is given sixty days' notice of the modification. We reiterate, however, that Section 306(a.2)(2) of the Act, as explained by the Supreme Court in *Gardner*, is only applicable in cases where an employer seeks to obtain self-executing relief by requesting a claimant to submit to an IRE within the appropriate time-frame upon receipt of 104 weeks of total disability. We further recognize that Section 123.105(d)(2) of the Act 57 Regulations also references the fact that a claimant must be given sixty days notice prior to his benefits being modified from total to partial disability. This provision, however, delineates the information that must be provided to a claimant in Form LIBC–764, "Notice of Change in Workers' Compensation Disability Status." This form is utilized to obtain the automatic relief that an employer is entitled to after obtaining an impairment rating of less than 50% subsequent to a timely request for an IRE following a claimant's receipt of 104 weeks of total disability. Thus, it is not applicable in cases brought under Subsections (5) and (6) of Section 306(a.2) of the Act.

■ The Board, in determining that Employer was not entitled to a modification of benefits until sixty days after the WCJ's decision, relied heavily on the language of Section 306(a.2)(5) of the Act. As noted above, this provision indicates that *"total disability shall continue until it is adjudicated* or agreed under clause (b) that total disability has ceased or the employee's condition improves to an impairment rating that is less than fifty per

---

4. We reiterate that the Supreme Court in *Gardner* had no problems with 34 Pa.Code § 123.102 to the extent that that provision is consistent with its interpretation that an employer may request a claimant to submit to an IRE, but in the event an impairment rating of less than 50% is calculated, the employer must seek modification to partial disability through the administrative process.

centum." [5] This Court must agree with Employer's contention that when Employer pursues a modification to partial disability through the traditional administrative process, the *effective* date of the modification should be the date of the IRE physician's examination, not the date of the WCJ's decision or sixty days thereafter. This is so even if total disability is to continue through the date of adjudication.

Section 306(b) of the Act does not make any reference to an impairment rating or the IRE process. Rather, it speaks only of a modification of benefits based on the claimant's ability to earn a wage notwithstanding his work-related injury. Section 306(b)(1) provides that a claimant's benefits may be modified to partial disability based on a rate of 66 2/3% of the difference between his average weekly wage and his earning power. Section 306(b)(2) defines earning power as a wage a claimant is capable of earning in his usual employment area based upon expert testimony or the wage of a specific vacancy the employer can offer within the claimant's physical capabilities. Assuming no agreement is reached when an employer believes the claimant is capable of earning some wages, the employer follows the traditional administrative process to obtain a modification of benefits. It files a modification petition and litigates that petition to its conclusion pursuant to Section 413 of the Act, 77 P.S. § 772.

Section 413 of the Act states:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. *Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased* ... (Emphasis added).

When statutes or parts of statutes relate to the same persons or things, or the same class of persons or things, they are in *pari materia* and are to be construed together. *Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, 586 Pa. 146, 161, 891 A.2d 1267, 1276 (2006). Reading Sections 306(a.2)(5), 306(b) and Section 413 of the Act together, it is evident that when an employer is successful in litigating a modification petition based on the fact that the employee has some earning power, the claimant's benefits will be modified to partial disability as of the date it credibly established there was available work the claimant was physically capable of performing. This is so even though the employer, assuming the WCJ denied supersedeas, must continue to pay total disability benefits through the date of decision.[6] *See e.g., M.A. Bruder & Son, Inc. v. Workers' Compensation Appeal Board (Harvey)*, 86 Pa.Cmwlth. 353, 485

---

**5.** The Board referenced Section 306(a.2)(2) of the Act for the additional sixty-days notice that must be given to Claimant. Per Gardner, however, that provision is not applicable when modification is obtained via decision.

**6.** Section 413(a.2) of the Act, 77 P.S. § 774(2), provides as follows:

(2) In any other case, a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the workers' compensation judge hearing the case. A supersedeas

A.2d 93 (1984)(holding an employer may not unilaterally alter a claimant's benefits without receiving, *inter alia*, a discretionary supersedeas from the WCJ).[7]

Benefits modified under Section 306(b) of the Act are modified as of the date that the employer establishes available work the claimant is physically capable of performing. This is so even though Section 306(a.2)(5) of the Act provides that total disability shall continue until it is adjudicated under clause Section 306(b) of the Act that the claimant is no longer entitled to the same. As Section 306(a.2)(5) of the Act also indicates that total disability should continue until it is adjudicated that the claimant has an impairment rating less than 50%, we similarly conclude that the *effective* date of a modification to partial disability is when the IRE physician found credible by the WCJ examined the claimant. This is consistent with Section 123.102 of the Act 57 regulations that, as we have previously indicated, instructs that benefits should be modified as of the date of the IRE physician's evaluation. Consequently, we must reverse the Board's Order indicating that Claimant's benefits are deemed modified as of December 30, 2007 and reinstate the WCJ's determination that benefits should be modified as of August 24, 2006.

### ORDER

AND NOW, this 1st day of April, 2009, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed. The decision of the Workers' Compensation Judge granting Ford Motor/Visteon Systems Modification Petition and changing Gwendolyn Gerlach's disability status from total to partial as of August 24, 2006 is reinstated.

---

shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require.

7. An employer may seek to recoup from the Supersedeas Fund any payment made to the claimant based on a denial of supersedeas that is judicially determined not to have been payable. *Mark v. Workers' Compensation Appeal Board (McCurdy)*, 894 A.2d 229 (Pa. Cmwlth.2006).