# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hitachi Metals Automotive :
Components (USA) and :
Broadspire/Sompo, :
   Petitioners :
    :
  v. : No. 176 C.D. 2016
    : SUBMITTED: August 5, 2016
Workers' Compensation Appeal :
Board (Bieber), :
   Respondent :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
   HONORABLE JULIA K. HEARTHWAY, Judge
   HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY   FILED: October 31, 2016


   Hitachi Metals Automotive Components and its insurance carrier, Broadspire/Sompo (together, Employer), petition for review of that part of the January 8, 2016, order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) to grant Eric Bieber's (Claimant) Impairment Rating Evaluation (IRE) review petition. The only issue raised by Employer on appeal is whether Claimant's petition challenging the IRE was filed timely. We affirm.

On March 10, 2010, Claimant sustained a work-related injury. On February 25, 2011, the parties filed an agreement for compensation with the Bureau of Workers' Compensation (Bureau), which listed Claimant's injury as "abdomen-inguinodynia with surgery- pulling a fixture." (WCJ's Findings of Fact, No. 7.) The agreement further provided that Claimant was disabled by the work injury on April 8, 2010, after his surgery. Claimant began receiving workers' compensation benefits on April 27, 2010.

This case is about an IRE request made by Employer on May 2, 2012, prior to Claimant receiving 104 weeks of total disability benefits under section 306(a.2)(1) of the Workers' Compensation Act (Act).[1] Claimant would have received 104 weeks of benefits by May 2, 2012, but for Claimant returning to work for a period of two weeks and four days in May and June 2010, and not receiving benefits during that time. Thus, Claimant did not receive 104 weeks of benefits until May 12, 2012. (Board's Op. at 10.)

After Employer's untimely request, the IRE was performed on August 21, 2012. On September 20, 2012, Claimant filed a review petition challenging the IRE (first petition). On February 4, 2013, Employer filed a Notice of Change in Workers' Compensation Disability Status (Form LIBC-764) with the Bureau, notifying Claimant that his disability status will be changing from total to partial

---

[1] Act of June 2, 1915, P.L. 736, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1). Section 306(a.2)(1) of the Act provides an employer the opportunity to request an IRE within 60 days after a claimant receives 104 weeks of total disability benefits to determine the degree of impairment due to the injury. 77 P.S. § 511.2(1).

disability effective August 21, 2012, the date of the IRE. On February 8, 2013, Claimant filed a second review petition, challenging the IRE (second petition).

At a hearing on March 7, 2013, Claimant's attorney questioned the timeliness of Employer's IRE request under section 306(a.2)(1) of the Act. 77 P.S. § 511.2(1). The parties also discussed the "duplicative" nature of the first and second petitions. Subsequently, Claimant filed a motion to withdraw the second petition, which the WCJ granted on April 11, 2013, without prejudice.

In its May 15, 2014 decision, the WCJ determined that Employer's request for designation of an IRE physician was untimely because it occurred before Claimant received 104 weeks of total disability benefits. The WCJ granted Claimant's first petition and set aside the IRE as void, reinstating Claimant's benefits. Employer appealed to the Board, which affirmed. Employer now petitions this Court for review.[2]

Employer only contends that the WCJ erred in considering Claimant's first petition, stating that it was premature because it was filed before Employer notified Claimant of a change in disability status on February 4, 2013. Employer asserts that because Claimant's first petition was premature and Claimant withdrew the second petition, there was no timely petition pending before the WCJ on which to grant relief. We disagree.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Employer bases its argument on 34 Pa. Code § 123.105(d)(5), which states that a claimant may immediately appeal an adjustment of disability status based on an IRE after the employer provides claimant with a Form LIBC-764, giving notice of a change in disability status. Employer argues that Claimant's first petition was filed well before Employer notified Claimant by Form LIBC-764 and, therefore, Claimant's first petition was premature.

However, Employer misconstrues the nature of Claimant's first petition. Claimant was not seeking a review of a change in his disability status. Claimant was challenging the validity of the IRE itself. The regulation set forth at 34 Pa. Code § 123.105(d)(5) controls when a claimant may challenge a change in disability status announced by the filing of a Form LIBC-764, but it does not control when a claimant may challenge the validity of an IRE.

An IRE is considered void if it is not timely. *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 919 A.2d 913, 917 (Pa. 2007). In *Dowhower*, the Supreme Court determined that an IRE request made before the claimant received 104 weeks of total disability benefits was premature. The Supreme Court further determined that "because the IRE request did not comply with the requirements of [77 P.S. §] 511.2(1), the IRE itself is void." *Id.* at 918. "[S]ection 511.2(1) imposes a mandatory obligation on the [employer] to request an IRE within the time limits specified." *Id.* If employer does not timely comply, its request for an IRE is illegal and void. *Id.*

There is no prohibition of a claimant challenging an IRE's validity before a claimant is notified of a change in disability status by Form LIBC-764. This Court has encountered such petitions before. *See Barrett v. Workers'*

*Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280, 1288 (Pa. Cmwlth. 2010). In *Barrett,* "[c]laimant filed a review petition challenging the validity of the IRE. Then, after receiving the [n]otice [of the change in disability status], [c]laimant filed a second review petition challenging the change of his disability status." *Id.* at 1284.

The Board did not err in ruling on Claimant's first petition challenging the IRE.[3] Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

---

[3] We note that Employer is not precluded from challenging Claimant's disability status. However, Employer must obtain this relief through the traditional administrative process. *See Stanish v. Workers' Compensation Appeal Board (James J. Anderson Construction Co.)*, 11 A.3d 569, 577 (Pa. Cmwlth. 2010).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Hitachi Metals Automotive      :
Components (USA) and        :
Broadspire/Sompo,          :
         Petitioners     :
                            :
        v.             :  No. 176 C.D. 2016
                            :
Workers' Compensation Appeal  :
Board (Bieber),           :
         Respondent    :

## **O R D E R**

AND NOW, this 31st day of October, 2016, we hereby affirm the order of Workers' Compensation Appeal Board.

_____
JULIA K. HEARTHWAY, Judge