# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymour & Flanigan, : 
            Petitioner : 
             : 
          v. : No. 371 C.D. 2020
             : ARGUED: March 15, 2021
Workers' Compensation Appeal : 
Board (Obeid), : 
            Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: August 16, 2021**


Raymour & Flanigan, Employer, petitions for review from the order of the Workers' Compensation Appeal Board reversing in part and affirming in part the order of the Workers' Compensation Judge (WCJ), with the effect of reinstating Claimant Lamis Obeid's indemnity benefits. The issue involved, which is of first impression, is one of statutory and regulatory construction: whether Employer, which had filed a notice of temporary compensation payable paying indemnity benefits, was at the time it filed a medical-only notice of compensation payable in order to stop paying indemnity benefits *also* required to file a notice stopping temporary compensation payable and a notice of compensation denial. We do not believe a notice stopping temporary compensation payable and notice of compensation denial are necessary when a medical-only notice of compensation payable is issued, and therefore reverse.

The facts as found by the WCJ are as follows. (WCJ Decision Findings of Fact "F.F." Nos. 1-7.) In September 2018, Claimant was employed by Employer as a home furnishing consultant earning an average weekly wage of $874.92. On September 14, 2018, Claimant reported that the previous day she had suffered an injury to her coccyx/sacrum when she slipped off a chair while attempting to sit. On October 1, 2018, Employer's workers' compensation administrator issued a notice of temporary compensation payable describing Claimant's work injury as an inflammation of her coccyx/sacrum and providing her with total disability benefits at a rate of $583.28 per week. On October 17, 2018, the administrator issued a medical-only notice of compensation payable.[1] In November 2018, Claimant filed a penalty petition seeking penalties on the basis of a violation of the Workers' Compensation Act[2] (Act) and seeking judgment on the pleadings and reinstatement of total temporary disability benefits. The WCJ found that under Section 121.17(d) of the workers' compensation regulations, 34 Pa. Code § 121.17(d), there was no requirement to file a notice stopping temporary compensation payable if, during the temporary period, the employer or insurer decided to issue a notice of compensation payable (WCJ Decision F.F. No. 7) and concluded that Claimant failed to prove that Employer violated the provisions of the Act or its regulations (WCJ Decision Conclusion of Law "C.L." No. 2). Thus, the WCJ dismissed the penalty petition for lack of proof. (WCJ C.L. No. 3.)

Claimant appealed the WCJ's decision to the Board. The Board framed the issue as follows:

---

[1] The medical-only notice of compensation payable explains that Claimant was approximately eight to nine months pregnant. (Reproduced Record "R.R." at p. 5a.)

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4; 2501-2710.

At the core of this appeal is whether the [notice of temporary compensation payable] issued on October 1, 2018[,] which provided payment of medical expenses and ongoing disability benefits, converted by operation of law to a[] [notice of compensation payable]; or whether the [medical-only notice of compensation payable] issued on October 17, 2018, properly stopped the payment of wages and accepted liability only for payment of medical expenses.

(Board Op. & Order at pp. 2-3.)

The Board stated that the proper procedure for Employer to stop payment of indemnity benefits pursuant to the notice of temporary compensation payable under Section 406.1(d)(5)(ii) of the Act,[3] 77 P.S. § 717.1(d)(5)(ii), would have required Employer to "provide notice to Claimant that its payment of temporary compensation was not an admission of liability and that Claimant must file a claim petition to establish [Employer's] liability for indemnity payments." (*Id*. at pp. 4-5.) In the Board's view, accepting that Section 121.17(d) of the regulations, 34 Pa. Code § 121.17(d), was "at best[] confusing as to whether [Employer] should issue a [n]otice [s]topping [temporary compensation payable] and a [notice of compensation] [d]enial" or a medical[-]only notice of compensation payable, "in this particular situation" "the proper method to stop indemnity payments pursuant to a [n]otice of [t]emporary [c]ompensation [p]ayable is to issue a [n]otice [s]topping [t]emporary [c]ompensation . . . and a [n]otice of [w]orkers' [c]ompensation [d]enial . . . within [five] days of the last payment and within the [ninety]-day temporary compensation payable period." (*Id*. at pp. 5-6.) These forms, the Board states, provide the required notice to Claimant and comply with Section 406.1(d)(5)(ii) of the Act and Section 121.7(d)(1) of the regulations. (*Id*. at p. 6.) Then, Employer

---

[3] Section 406.1(d)(5)(ii), added by Act of February 8, 1972, P.L. 25, No. 12, § 3, 77 P.S. § 717.1(d)(5)(ii).

would be able to issue a medical-only notice of compensation payable in order to accept liability for the payment of medical expenses only.[4] (*Id.*)

The Board held that under its interpretation of Section 406.1(d)(5)-(6) of the Act and Section 121.17(d) of the regulations, the notice of temporary compensation payable converted to a notice of compensation payable by operation of law and the "converted [notice of compensation payable]" was now the

---

[4] It should be noted that this issue has arisen before the Board on at least two prior occasions. (*See* Bd. Op. at p. 6 n.6). In 2019, after the relevant procedural history of this case, the Department of Labor & Industry, Bureau of Workers' Compensation, issued a new, alternate version of the Notice of Compensation Payable, Form LIBC-495B (*see* R.R. at pp. 137a-38a), which "provides the critical cautions and advisories to a claimant as required by Section 406.1(d)(5) of the Act, otherwise traditionally served by the Notice Stopping Temporary Compensation . . . and Notice of . . . Compensation Denial . . . where payment of temporary compensation has ceased," *see* 7 West's Pa. Prac., Workers' Comp. § 13:88.60 (3d ed.; Sept. 2020 update).

Language in Form LIBC-495B reads as follows:

> **NOTICE TO EMPLOYEE:** Payment of temporary compensation has stopped. The payment of temporary compensation was not an admission of liability of the employer with respect to the injury described in the previously-issued **Notice of Temporary Compensation Payable.** The employee must file a petition to establish additional liability of the employer not set forth in this **Notice of Compensation Payable.** The payment of temporary compensation may not be used to support a claim for benefits in a future proceeding.

[R.R. at p. 138a (emphasis in original).] A version of Form LIBC-495 that includes the "medical-only" checkbox but not the above language is still used by the Board. 7 West's Pa. Prac. Workers' Comp. § 13.88.60 (3d ed.; Sept. 2020 update); (R.R. at pp. 135a-36a.) One treatise has stated that "as the expanded cautionary language refers to the fact that the 'payment of temporary compensation was not an admission of liability,' it is expected that the Form LIBC-495B would only legitimately be issued in a medical-only context." *Id*. The regulations do not specifically refer to Form LIBC-495B, and it is not clear to the Court whether the notice therein would suffice under the interpretation of Section 406.1(d) proffered by the Board in the instant case.

"controlling Bureau document."[5] (*Id*. at pp. 6 and 9.) Thus, the Board held that Employer had violated the Act (*id*. at pp. 7 and 9) and ordered reinstatement of indemnity benefits as of October 10, 2018, or as of such date as indemnity payments were stopped[6] (*id*. at p. 9). It is from the Board's order granting continuing indemnity benefits that Employer petitions for review.

> On appeal,[7] Employer raises the following issue:
>
> Whether the Board committed an error of law by unilaterally ordering the retroactive reinstatement of ongoing disability benefits in violation of the procedural regime established by Section 406.1 of the Act and the Bureau Regulation promulgated thereunder.

(Employer's Br. at p. 5.)

---

[5] Although not explicitly stated, the determining factor for the conversion would have been the failure to file the required notifications within the ninety-day temporary compensation payable period. "If the employer does not file a notice under paragraph (5) within the ninety-day period during which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and the notice of temporary compensation payable shall be converted to a notice of compensation payable." Section 406.1(d)(6) of the Act, 77 P.S. § 717.1(d)(6). Of note, on the date the penalty petition was filed, November 20, 2018 (*see* R.R. at p. 7a), ninety days had not elapsed from the date of the injury, September 13, 2018.

[6] The Board noted as follows:

> October 10, 2018[,] is alleged by Claimant to be the last date for which [she] received indemnity benefits. There was no evidence submitted to support what date [Employer] paid indemnity benefits through; however, [Employer] is obligated to reimburse [C]laimant from what ever [sic] date it ceased paying benefits and reinstate Claimant's benefits until such time as [Employer] establishes a suspension or termination of benefits.

(Board Op. & Order at p. 6 n.5.)

[7] Because only issues of statutory and regulatory construction are before us, our review is plenary. *Steele v. Workers' Comp. Appeal Bd. (Findlay Twp.)*, 155 A.3d 1173, 1176 n.8 (Pa. Cmwlth. 2017).

5

An explanation of the relevant statutory and regulatory provisions and their significance to this case is appropriate at this juncture. Section 406.1 of the Act provides the relevant statutory scheme for an employer's response to an injury, including notices of compensation payable and temporary notices of compensation payable. In pertinent part, Section 406.1(a) states:

> (a) The employer and insurer shall promptly investigate each injury . . . and shall proceed promptly to commence the payment of compensation due . . . pursuant to . . . a notice of compensation payable . . . or pursuant to a notice of temporary compensation payable as set forth in subsection (d), on forms prescribed by the [D]epartment and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe[e]'s disability . . . .

77 P.S. § 717.1(a). With regard to notices of temporary compensation payable, Section 406.1(d) provides as follows:

> (d)    (1) In any instance where an employer is uncertain whether a claim is compensable under this [A]ct or is uncertain of the extent of its liability . . . , the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a notice of temporary compensation payable as prescribed by the [D]epartment.
>
>      . . . .
>
> (5)    (i) *If the employer ceases making payments pursuant to a notice of temporary compensation payable, a notice in the form prescribed by the [D]epartment shall be sent to the claimant and a copy filed with the [D]epartment*, but in no event shall this notice be sent or filed later than five (5) days after the last payment.

(ii) *This notice shall advise the claimant, that if the employer is ceasing payment of temporary compensation, that the payment of temporary compensation was not an admission of liability of the employer with respect to the injury subject to the notice of temporary compensation payable, and the employe[e] must file a claim to establish the liability of the employer.*

(iii) If the employer ceases making payments pursuant to a notice of temporary compensation payable, after complying with this clause, the employer and employe[e] retain all the rights, defenses and obligations with regard to the claim subject to the notice of temporary compensation payable, and the payment of temporary compensation may not be used to support a claim for compensation.

(iv) Payment of temporary compensation shall be considered compensation for purposes of tolling the statute of limitations under section 315.

(6) *If the employer does not file a notice under paragraph (5) within the ninety-day period during which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and the notice of temporary compensation payable shall be converted to a notice of compensation payable.*

77 P.S. § 717.1(d)(1) and (5)-(6) (emphasis added).

Section 121.17(d) of the Bureau's regulations provides that if temporary payments are stopped, an employer must do *one* of the following: file both a notice stopping temporary compensation, identified by the regulations as Form LIBC-502, *and* a notice of compensation denial, Form LIBC-496; *or* file a notice of compensation payable, Form LIBC-495; *or* file an agreement for compensation for disability or permanent injury, Form LIBC-336. 34 Pa. Code § 121.17(d)(1)-(3). Employer filed the version of the notice of compensation payable,

7

Form LIBC-495, used at the time of the operative facts, identified as being "REV 03-16." (R.R. at p. 7a.)  Form LIBC-495, REV 03-16, included a check box, which was checked by Employer, stating: "Check only if compensation for medical treatment **(medical only, no loss of wages)** will be paid subject to the . . . Act . . . ." [*Id.* (emphasis in original).]  By filing such a notice of compensation payable, albeit medical only, Employer here clearly complied with the regulation.

Employer contends that the Board's interpretation of the statutory scheme to require that an employer send a notice stating that it is stopping temporary compensation; that it is not admitting liability; and that the claimant must file a claim petition to obtain benefits in the future in addition to its medical only notice of compensation payable is illogical and incorrect as a matter of law.   (Employer's Br. at p. 16.)  Employer cites *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649 (Pa. Cmwlth. 2003), and *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164 (Pa. Cmwlth. 2003), for the proposition that the acknowledgment of compensability accomplished by a medical-only notice of compensation payable is sufficient to meet Employer's obligations under Section 406.1.  In *Waldameer Park*, a claimant was injured in the course of her employment at an amusement park and submitted a claim petition, not in order to obtain benefits, but to satisfy the limitations period in Section 315 of the Act, 77 P.S. § 602, and to assure her entitlement to future medical coverage and future loss of wages arising out of her injury.  819 A.2d at 166-67.  The employer contested the claim despite one of the employer's co-owners assisting the claimant in obtaining treatment.  *Id.* at 166.  This Court held the contest unreasonable, justifying attorneys' fees, stating that the proper course of action would have been for the employer to issue a medical-only notice of compensation payable, which

8

would allow the employer to challenge future medical bills or unwarranted wage loss benefits without forcing the claimant to file a petition to preserve her rights. *Id.* at 170; *see also City of Phila.*, 830 A.2d at 653-54 (citing *Waldameer Park* where a claimant sought only medical benefits).

Employer also cites *Church v. Workers' Compensation Appeal Board (Cook)*, 135 A.3d 1153 (Pa. Cmwlth. 2016), in which this Court upheld the Board's finding that when a medical-only notice of compensation payable was issued, a claim was appropriately deemed admitted but suspended as to indemnity payments, permitting a claimant to file a reinstatement petition rather than a claim should he or she once again be disabled by the work injury. *Id.* at 1162. Employer argues that where no loss of wages occurs, and it has formally acknowledged compensability through the filing of a medical-only notice of compensation payable, "it must necessarily circle back to the [initial] claims administration [procedure] laid out in Section 406.1(a) of the Act," which does not require multiple notices, "because the issuance of a Notice of Compensation Payable Form LIBC-495 (medical only) under Section 406.1(a) of the Act constitutes an **admission of liability** for related medical costs **and** any future loss of wages . . . ." (Employer's Br. at pp. 21-22) (emphasis in the original). Employer thus argues that the Board misapprehends the derivation and character of a medical-only notice of compensation payable as described in *Waldemeer Park* and *Church*. (*Id.* at p. 26.) Employer argues that Section 121.17(d) of the regulations correctly construes Section 406.1(a) of the Act by not requiring a separate notice stopping temporary compensation payable.

Claimant responds that the Board correctly held that it was bound to interpret Section 121.17(d) of the regulations consistent with Section 406.1(d)(5)-(6) of the Act. *See Popowsky v. Pa. Pub. Util. Comm'n*, 910 A.2d 38, 52 (Pa. 2006)

9

["[R]egulations must be consistent with the statute under which they were promulgated" (internal quotations omitted)] and *Stanish v. Workers' Comp. Appeal Bd. (James J. Anderson Constr. Co.)*, 11 A.3d 569, 575 (Pa. Cmwlth. 2010) ["[A]lthough an interpretation of a statute by an administrative agency is entitled to great weight, the interpretation may be disregarded if the interpretation is clearly erroneous or inconsistent with the statute under which the regulation is promulgated" (internal quotations omitted)]. Further, Claimant argues that where a conflict may be perceived between a statute and a regulation promulgated thereunder, the statute must prevail and the regulation cannot be enforced. *See N. Area Pers. Care Home Adm'rs Ass'n v. Dep't of Pub. Welfare*, 899 A.2d 1182, 1189 (Pa. Cmwlth. 2006).

We agree with Employer that the Board erred in applying Section 406.1(d)(5)(i)-(ii) in this circumstance. That Section requires that when an employer ceases making payments pursuant to a notice of temporary compensation payable, it must send a notice advising a claimant (1) that the payment of temporary compensation did not constitute an admission and (2) that the employee must file a claim to establish liability of the employer. However, in the case where a medical-only notice of compensation payable is filed, the first statement—that the temporary compensation does not constitute an admission—is legally incorrect, as the employer *is acknowledging the injury*. *See Waldameer Park*. Further, the second statement—that an employee must file a claim to establish liability—is equally untrue. *See Church*. Accordingly, we believe that Section 406.1(d)(5) is simply inapplicable here, and that Section 121.17(d) of the Bureau's regulations properly requires that an employer either comply with Section 406.1(d)(5) or file a notice of compensation payable, of which a medical-only notice is one variety.

10

The only remaining function of the notices, suggested by Claimant at oral argument, is to notify a *pro se* claimant of the fact that indemnity benefits have ceased. To the extent that the checkbox on the medical-only notice of compensation payable informed Claimant that only compensation for medical treatment, and not loss of wages, would be paid (R.R. at p. 6a), it would seem that this purpose was accomplished by that notice alone. Moreover, the additional notices the Board would require—a notice stopping temporary compensation and a notice of compensation denial—state as follows:

> The payment of temporary compensation does not mean that your employer assumed responsibility for your injury. Your employer and you retain all rights, defenses and obligations with regard to the claim. Further, the payment of temporary compensation may not be used to support a claim for benefits in a future proceeding.
>
> WE HAVE DECIDED NOT TO ACCEPT LIABILITY AND ATTACHED IS A *NOTICE OF WORKERS' COMPENSATION DENIAL*. IF YOU BELIEVE YOU SUFFERED A WORK-RELATED INJURY, YOU WILL BE REQUIRED TO FILE A *CLAIM PETITION* WITH THE WORKERS' COMPENSATION OFFICE OF ADJUDICATION IN ORDER TO PROTECT YOUR FUTURE RIGHTS.
>
> You have three years from the date of injury, or discovery of your condition, to file a Claim Petition for benefits. Since time limits can vary depending on the facts of your situation, you may wish to contact an attorney if you believe you may have a claim.

Form LIBC-502. [R.R. at p. 144a (emphasis in original).]

> **NOTICE TO EMPLOYEE:** The employer/insurer has decided to deny your workers' compensation benefits. You have the right to contest this denial by timely filing a petition . . . .

11



**Do not use this form to accept a medical-only claim . . . .**

The employer/insurer declines to pay workers' compensation benefits to claimant because:
☐    1.    The employee did not suffer a work related injury. . . .
☐    2.    The employee was not within the scope of employment.
☐    3.    The employee was not employed by the defendant.
☐    4.    The employee did not give notice of his/her injury to the employer within 120 days . . . .
☐    5.    Other good cause; please explain fully in the space below.

Form LIBC 496 [R.R. at pp. 139a-40a (emphasis in original).] Where a medical-only notice of compensation payable has issued, these other notices contain misstatements of the law and would serve primarily to confuse. It is doubtful that it would be serving the humanitarian purposes of the Act, as suggested by Claimant, to require an employer to misinform a claimant as to the status of his or her claim and demand that a claimant expend the time and resources needed to file an unnecessary claim petition in order to vindicate his or her rights.

When, as here, a provision of the Act does not address the situation at hand and to apply it would not clearly serve the humanitarian purpose of the Act, resort to principles of statutory construction is appropriate. *See Hannaberry HVAC v. Workers' Comp. Appeal Bd. (Snyder)*, 834 A.2d 524, 533 (Pa. 2003). When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters, the occasion and necessity of the statute; the circumstances under which it was enacted; the mischief to be remedied; the object to be attained; the former law, if any, including other statutes upon the same or similar subjects; the consequences of a particular interpretation; the

12

contemporaneous legislative history; and legislative and administrative interpretations of such statute. Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c). Of those principles, we believe of primary applicability to this matter are the objects to be attained by Section 406.1(d)(i)-(ii) and the consequences of the Board's proposed interpretation. Section 406.1(d)(i)-(ii) serves to notify a claimant of the status of his or her claim and inform the claimant that his or her claim has been denied by the employer and that liability must be established by a claim petition. These objects are inappropriate here, where a claim has been accepted by the employer and the claimant may establish rights to future compensation by a reinstatement petition. With respect to the consequences of the Board's interpretation, we believe that it would lead to an absurd result—namely, a misinformed claimant. *See* 1 Pa.C.S. § 1922(1) (fundamental presumption in "ascertaining the intention of the General Assembly in the enactment of a statute" is that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"); *Hannaberry,* 834 A.2d at 531.

In light of the foregoing, we reverse the order of the Board insofar as it orders reinstatement of indemnity benefits as of October 10, 2018, or as of such date as indemnity payments were stopped.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge Fizzano Cannon did not participate in the decision for this case.

13

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Raymour & Flanigan,               :
               Petitioner      :
                                :
              v.              :    No. 371 C.D. 2020
                                :
Workers' Compensation Appeal    :
Board (Obeid),                   :
              Respondent    :

# **O R D E R**

AND NOW, this 16th day of August, 2021, the order of the Workers' Compensation Appeal Board is REVERSED insofar as it reinstates indemnity benefits as of October 10, 2018, or as of such date as indemnity payments were stopped.

 

                                       _____
                                       **BONNIE BRIGANCE LEADBETTER,**
                                       President Judge Emerita