IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glen Ruse,                             :
                    Petitioner         :
                                       :
            v.                         :
                                       :
Workers' Compensation Appeal Board     :
(Valley Medical Facilities Sewickley), :   No. 952 C.D. 2014
                    Respondent         :   Submitted: October 16, 2015


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
          HONORABLE MARY HANNAH LEAVITT, Judge[2]
          HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: January 13, 2016


            Glen Ruse (Claimant) petitions this Court for review of the Workers'

Compensation Appeal Board's (Board) February 27, 2014 order denying Claimant's

Petition to Grant Remand/Rehearing and its May 8, 2014 order affirming the

Workers' Compensation Judge's (WCJ) decision denying Claimant benefits under the

Workers' Compensation Act (Act).[3]   The issues for this Court's review are: (1)

whether the Board erred when it determined that the physician properly re-evaluated

Claimant's total impairment and appropriately used the most recent 6th Edition of the

American Medical Association's Guides to the Evaluation of Permanent Impairment

(AMA Guides), where the prior impairment rating evaluation (IRE) was based on an

earlier 5th Edition of the AMA Guides; (2) whether the WCJ erred in finding that

---

[1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

Claimant's work injury-related depression had reached maximum medical improvement (MMI) based on the IRE physicians' testimony, and whether the Board erred in affirming the WCJ; (3) whether the WCJ erred in finding Claimant's psychologist not competent to render opinions as to whether Claimant had achieved MMI, and finding that the psychologist's testimony was speculative, and whether the Board erred in affirming the WCJ; (4) whether the WCJ erred in finding the testimony of Claimant's psychiatrist lacked foundation, and whether the Board erred in affirming the WCJ; and, (5) whether the Board erred in refusing to grant Claimant's Petition for Remand/Rehearing.

On March 2, 1998, Claimant was injured in the course of his employment with Valley Medical Facilities Sewickley (Employer). Employer accepted the injury through a Notice of Compensation Payable (NCP) which described Claimant's injury as a lumbar strain and spasms. On August 25, 2006, Employer filed a Petition to Modify Claimant's Workers' Compensation (WC) Benefits (Modification Petition) seeking a change in Claimant's disability status from total to partial disability based on Anthony Ricci, M.D.'s (Dr. Ricci) July 19, 2006 IRE which established that Claimant had a 33% whole body impairment. On November 8, 2006, Claimant filed a Petition to Review Compensation Benefits (Review Petition) alleging that, as of that date, the NCP incorrectly described his March 2, 1998 work injuries because he had sustained psychological injuries in addition to those injuries previously described therein.

On January 21, 2009, WCJ William Lowman (WCJ Lowman) held that since Claimant had established that he also suffered depression as a result of the March 2, 1998 work injury, the work injury should be expanded to include depression and, thus, he granted Claimant's Review Petition. WCJ Lowman also granted Employer's Modification Petition changing Claimant's disability status from total to partial disability effective September 25, 2006, but stated:

2

In order to preserve the determination . . . that [Claimant] is now partially disabled, [Employer] must request that [Claimant] undergo an [IRE] **on the new parameter of depression which became part of the work injury on November 9, 2006 which was subsequent to Dr. Ricci's earlier [IRE]**. Since this Decision and Order is the first determination that [C]laimant has suffered a psychological injury as a result of the March 2, 1998 work injury, the circulation date of this Decision and Order will act as the commencement of the statutory 60[-]day window in which employer must request **a medical examination for the purposes of determining [C]laimant's impairment now that the parameter of depression has been added to the work injury.**

If [E]mployer makes the request for the examination within the 60[-]day window[,] **and that examination sets forth that the total impairment considering all parameters of [C]laimant's injury, including depression** remains under 50%, and that [C]laimant has reached [MMI] as far as the depression component of the injury is concerned, [Claimant's] workers' compensation status will remain partial in nature with no break in that partial disability status from September 25, 2006 and without the need of any further order of a [WCJ]. If, however, **[C]laimant's total impairment including the depression** equals or exceeds 50%[,] or it is determined that [C]laimant has not reached [MMI] on the depression aspect of the work injury, [Claimant's] disability status will resort to temporary total disability.

If, however, the request for examination is not made by [Employer] within the 60[-]day window, then [C]laimant's disability status will revert to temporary total disability status and the employer will need to avail itself of the procedures set forth in *Gardner v.* [*Workers' Compensation Appeal Board (Genesis Health Ventures)*], 888 A.2d 758 (Pa. 2005) to have [C]laimant's temporary total disability status changed to a partial disability status.

Reproduced Record (R.R.) at 21a-22a (bold emphasis and italics added). Neither party appealed from WCJ Lowman's January 21, 2009 decision.

3

On April 29, 2009, Dr. Ricci performed a second IRE utilizing the most recent 6th Edition of the AMA Guides. Dr. Ricci's Medical Impairment Report noted that Chapter 14 of the AMA Guides (pertaining to mental and behavioral disorders), states that "the impairment rating for a physical condition provides for the pain associated with that impairment. The psychological distress associated with a physical impairment is similarly included with the rating," and "the psychological issues are encompassed within the rating for the physical impairment, and the mental and behavioral disorder chapter should not be used." R.R. at 29a. Based thereon, Dr. Ricci determined that Claimant had a 25% total impairment. R.R. at 27a. Thereafter, Employer filed a Notice of Change of Workers' Compensation Disability Status reflecting the impairment determination. In response, Claimant filed a Petition to Review Compensation Benefits (Petition to Review Compensation) challenging the IRE and later amended the Petition to Review Compensation to include a right wrist injury.

Subsequently, WCJ Anne Coholan (WCJ Coholan) held hearings on Claimant's Petition to Review Compensation. Claimant testified before WCJ Coholan as to his injuries, treatment and medical condition. Claimant submitted into evidence records from his psychologist Avril Zaharoff, Ph.D. (Dr. Zaharoff), the deposition transcript of Anna Mathew, M.D. (Dr. Mathew) who treated Claimant for a broken wrist, and the deposition transcript of Claimant's psychiatrist Ravi Kant, M.D. (Dr. Kant). Employer offered into evidence an Impairment Rating Determination Face Sheet dated May 11, 2009, Dr. Ricci's Medical Impairment Report based upon an April 29, 2009 examination of Claimant, and Dr. Ricci's deposition transcript. Employer also submitted into evidence a June 23, 2011 report and a transcript of Jon B. Tucker, M.D.'s (Dr. Tucker) deposition.

4

By decision and order dated April 27, 2012, WCJ Coholan first concluded that Claimant failed to establish a causal connection between his right wrist injury and his March 2, 1998 work injury. WCJ Coholan also determined:

> The evidence of record has established that [Claimant] was at [MMI] from the standpoint of his work[-]related back injury and his work[-]related depression at the time of the [IRE] that was performed upon him by Anthony Ricci, M.D. in April 2009. In addition, Dr. Ricci credibly concluded that, as of the time he performed the [IRE] upon [Claimant] in April 2009, [Claimant] had less than a 50% impairment of the whole person in accordance with the provisions of the AMA Guides to the Evaluation of Permanent Impairment, 6th Edition. As such, in accordance with [WCJ] Lowman's unappealed Decision and Order of January 21, 2009, I must conclude that [Claimant's] temporary disability status changed to a partial disability status as of September 25, 2006. Thus, [Claimant's] Petition to Review Compensation Benefits must also be denied insofar as [Claimant] has sought to have his disability status revert back to a total disability status.

R.R. at 410a-411a.

Claimant filed an appeal from WCJ Coholan's decision to the Board. While the appeal was pending, Claimant also filed a Petition to Grant Remand/Rehearing in Light of After Discovered Evidence (Petition for Remand/Rehearing) based upon the opinions expressed by a subsequent Independent Medical Examiner. On February 27, 2014, the Board denied Claimant's Petition for Remand/Rehearing. On May 8, 2014, the Board issued its Opinion and Order affirming WCJ Coholan's decision. Claimant appealed to this Court.[4]

Claimant first contends that WCJ Coholan and the Board erred when they concluded that Claimant's whole body impairment was properly assessed in the

---

[4] "Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated." *Verizon Pennsylvania Inc. v. Workers' Comp. Appeal Bd. (Ketterer)*, 87 A.3d 942, 945 n.2 (Pa. Cmwlth. 2014).

5

second IRE using the 6th Edition of the AMA Guides because Claimant's physical impairment in the original IRE was evaluated using the 5th Edition of the AMA Guides, and WCJ Lowman's order directed that only Claimant's psychological impairment be assessed.[5]

Contrary to Claimant's contention, there is nothing in WCJ Lowman's decision and order explicitly restricting the IRE to an examination of Claimant's depression. As Claimant points out, WCJ Lowman's opinion provides for Claimant to "undergo an impairment rating evaluation **on the new parameter of**

---

[5] Section 306(a.2) of the Act, 77 P.S. § 511.2, added by Section 4 of the Act of June 24, 1996, P.L. 350, sets forth rules pertaining to modification of a claimant's disability status from total to partial disability. That section provides in relevant part:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, **pursuant to the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment.'**
>
> . . . .
>
> (6) Upon request of the insurer, the employe shall submit to an independent medical examination in accordance with the provisions of [S]ection 314 to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period.

77 P.S. § 511.2 (emphasis added).

6

**depression**[.]" However, WCJ Lowman further required Employer to "request a medical examination for the purposes of determining **[C]laimant's impairment now that the parameter of depression has been added to the work injury**[,]" and also directed that:

> [i]f [E]mployer makes the request for the examination within the 60[-]day window **and that examination sets forth that the total impairment** *considering all parameters of* **[C]**laimant's injury**, including depression** remains under 50%, and that [C]laimant has reached [MMI] as far as the depression component of the injury is concerned, [Claimant's] workers' compensation status will remain partial in nature[.]

R.R at 23a-24a (double emphasis added). Thus, WCJ Lowman's decision is clear that the new IRE was to "consider[] **all** parameters of [C]laimant's injury[.]" *Id.* (emphasis added).

Claimant argues that WCJ Lowman could not have intended that the IRE he ordered include Claimant's physical impairment, since "the *effective* date of a modification to partial disability is when the IRE physician found credible by the WCJ examined the claimant." *Ford Motor/Visteon Sys. v. Workers' Comp. Appeal Bd. (Gerlach)*, 970 A.2d 517, 523 (Pa. Cmwlth. 2009). In support of his position, Claimant points out that, WCJ Lowman's decision and order provides that if after the new IRE is performed, Claimant's total impairment including the depression is determined to be less than 50%, Claimant's disability status "will remain partial in nature with no break in that partial disability status from September 25, 2006." R.R. at 21a. Thus, interpreting the language to provide for a new IRE pertaining to Claimant's physical condition would effectively allow new IRE results to be impermissibly retroactively applied to a date three years prior, when Claimant underwent his first IRE and was notified of the results. According to Claimant, this

7

demonstrates that WCJ Lowman did not intend that Claimant's physical impairment be re-evaluated.

However, WCJ Lowman concluded that Employer met its burden of establishing that Claimant's disability status was below 50% as of September 25, 2006. WCJ Lowman ordered a subsequent IRE only because Claimant proved a new, psychological injury. It was Claimant who sought to add the new injury to his disability claim. Claimant asserts that "WCJ Lowman clearly wanted the depression to be a factor, **with the 6th [E]dition it is not.**" Claimant Corrected Br. at 21 (emphasis added).

Notwithstanding, on September 18, 2015, this Court issued its *en banc* opinion in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 415 (Pa. Cmwlth. 2015), ruling that:

> the General Assembly . . . failed to prescribe *any* intelligible standards to guide the AMA's determination regarding the methodology to be used in grading impairments. Section 306(a.2) of the Act is wholly devoid of any articulations of public policy governing the AMA in this regard and of adequate standards to guide and restrain the AMA's exercise of this delegated determination by which physicians and WCJs are bound. Indeed, Section 306(a.2) merely requires that the most recent version of the AMA *Guides* be used to determine a claimant's impairment rating. 77 P.S. § 511.2.

*Protz*, 124 A.3d at 415. The *Protz* Court went on to hold that Section 306(a.2) of the Act was "an unconstitutional delegation of legislative authority insofar as it proactively approved versions of the AMA Guides beyond the Fourth Edition without review." *Id.* at 416.

Accordingly, we conclude that Claimant's whole body impairment was not properly assessed in the second IRE using the 6th Edition of the AMA Guides as "the most recent edition[,]" since as this Court held in *Protz*, "the General Assembly

8

adopted as its own the methodology enumerated by the AMA at the time it enacted Section 306(a.2)—that is, **the methodology contained in the Fourth Edition of the [AMA] Guides.**" 77 P.S. § 511.2, *Protz*, 124 A.3d at 416 (emphasis added). Thus, we vacate the Board's February 27, 2014 and May 8, 2014 orders. We remand this matter to the Board and direct the Board to order a new IRE be performed in accordance with the methodology contained in the Fourth Edition of the AMA Guides.[6]

For all of the above reasons, the Board's orders are vacated and this matter is remanded to the Board to direct that a new IRE be performed in accordance with the methodology contained in the Fourth Edition of the AMA Guides.


_____
ANNE E. COVEY, Judge

---

[6] Given our disposition of this action, Claimant's remaining arguments are rendered moot.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glen Ruse,                :
           Petitioner       :
                                :
         v.                   :
                                :
Workers' Compensation Appeal Board   :
(Valley Medical Facilities Sewickley),   :     No. 952 C.D. 2014
              Respondent     :

## O R D E R

AND NOW, this 13th day of January, 2016, the Workers' Compensation Appeal Board's February 27, and May 8, 2014 orders are vacated and this matter is remanded to the Board to direct that a new impairment rating evaluation be performed in accordance with the methodology contained in the Fourth Edition of the AMA Guides.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge