### ORDER

AND NOW, this 8th day of July, 2015, the order of the Court of Common Pleas of Northampton County is hereby AFFIRMED.

### William LOGUE, Petitioner,

### v.

---

WORKERS' COMPENSATION AP-
PEAL BOARD (COMMONWEALTH
of Pennsylvania), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 5, 2015.
Decided July 14, 2015.
Reargument En Banc Denied
Aug. 25, 2015.

Mark R. Schmidt, Media, for petitioner.

Kim L. Veon, Philadelphia, for respondent.

BEFORE: ROBERT SIMPSON, Judge, and MARY HANNAH LEAVITT, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Senior Judge JAMES GARDNER COLINS.

This case is a petition for review filed by William Logue (Claimant) appealing an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) ordering Claimant to attend an impairment rating evaluation (IRE) examination by a physician designated by the Bureau of Workers' Compensation (Bureau). For the reasons set forth below, we affirm.

Claimant suffered a right wrist sprain in his employment with the Department of Transportation (Employer) in 2002 and has been receiving total disability benefits for that injury since that time. On November 2, 2012, Employer filed a request with the Bureau for designation of a physician to perform an IRE examination of Claimant under Section 306(a.2) of the Workers' Compensation Act (the Act),[1] and the Bureau designated Dr. Yutong Zhang as the physician to perform the IRE. (Board Opinion at 1; Notice of Designation of IRE Physician, Reproduced Record (R.R.) at 13.) Claimant objected to this request and designation, asserting that Employer was required to attempt to reach an agreement with Claimant on an IRE physician before requesting that the Bureau designate an IRE physician. (Claimant Ex. 1, R.R. at 11–12.) Claimant refused to appear for an IRE examination by Dr. Zhang, and Employer, on December 24, 2012, filed an Examination Petition seeking an order compelling Claimant to appear for examination by Dr. Zhang. (WCJ Decision F.F. ¶ 3; Board Opinion at 1; Petition to Compel Physical Examination, R.R. at 14–15.)

On April 18, 2013, the WCJ granted Employer's Examination Petition, ordering that Claimant appear for an IRE examination by Dr. Zhang and stating that failure to appear for the examination without adequate excuse would subject Claimant to termination or suspension of benefits. (WCJ Decision at 3.) Claimant appealed the WCJ's order to the Board. On September 24, 2014, the Board affirmed the WCJ's order that Claimant appear for an IRE examination by Dr. Zhang. This appeal followed.[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708. Section 306(a.2) was added by the Act of June 24, 1996, P.L. 350, No. 57, § 4, *as amended,* 77 P.S. § 511.2.

2. Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Ketterer),* 87 A.3d 942, 945 n. 2 (Pa.Cmwlth.2014). The issue here, the interpretation of Section 306(a.2) of the Act, is a question of law subject to this Court's plena-

Section 306(a.2) of the Act provides for IREs to evaluate the degree of permanent impairment caused by a work injury and for change of a claimant's disability status from total disability to partial disability based on the degree of impairment determined by the IRE. Section 306(a.2)(1) of the Act states:

> When an employee has received total disability compensation ... for a period of one hundred four weeks, unless otherwise agreed to, the employee shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. *The degree of impairment shall be determined based upon an evaluation by a physician* who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, *chosen by agreement of the parties, or as designated by the department,* pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1) (emphasis added).

█ Although an IRE must be requested within the time limits set forth in Section 306(a.2)(1) to automatically reduce the claimant's status to partial disability, an IRE may be requested outside those time limits under Section 306(a.2)(6), 77 P.S. § 511.2(6), in which case reduction of the claimant's status to partial disability must be sought through a modification petition. *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures),* 585

Pa. 366, 888 A.2d 758, 765–68 (2005); *Ford Motor/Visteon Systems v. Workers' Compensation Appeal Board (Gerlach),* 970 A.2d 517, 520 (Pa.Cmwlth.2009). The IRE here was performed under Section 306(a.2)(6), not under Section 306(a.2)(1), as it was requested approximately 10 years after Claimant began receiving benefits, not within 60 days after he had received two years of total disability benefits. Section 306(a.2)(1)'s requirements for IREs, however, also apply to IREs requested and performed under Section 306(a.2)(6). *Diehl v. Workers' Compensation Appeal Board (I.A.Construction),* 607 Pa. 254, 5 A.3d 230, 245–46 (2010); *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Ketterer),* 87 A.3d 942, 946 (Pa.Cmwlth.2014); *Lewis v. Workers' Compensation Appeal Board (Wal–Mart Stores, Inc.),* 856 A.2d 313, 318–19 (Pa. Cmwlth.2004).

█ Claimant argues that the language of Section 306(a.2)(1) that the IRE physician must be "chosen by agreement of the parties, or as designated by the department" requires that the employer first seek agreement from the claimant on an IRE physician before requesting that the Bureau designate the physician. We do not agree.

Section 306(a.2)(1) merely lists two alternative methods for selecting the IRE physician and does not state that the designation by the Bureau is limited to the situation where the parties have been unable to agree. 77 P.S. § 511.2(1); *Lewis,* 856 A.2d at 318–19; *Heugel v. Workers' Compensation Appeal Board (U.S. Airways),* (Pa.Cmwlth. No. 1830 C.D. 2012, filed Feb. 7, 2013), 2013 WL 3960999, *app. denied,* 620 Pa. 725, 69 A.3d 603 (2013). In *Lewis,* this Court analyzed the lan-

---

ry, *de novo* review. *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ven-*

*tures),* 585 Pa. 366, 888 A.2d 758, 761 n. 4 (2005); *Verizon,* 87 A.3d at 945 n. 2.

guage at issue here and held that it prohibited unilateral selection of the IRE physician by the employer, noting that it was "the General Assembly's intent to establish the IRE process as a more independently-assessed medical determination of a claimant's impairment rating." 856 A.2d at 318–19. Designation of an IRE physician by the Bureau is an independent selection of a physician, not a unilateral choice of physician by the employer. The Court in *Lewis* interpreted Section 306(a.2)(1) as providing that "agreement of the parties or Bureau designation are the sole and exclusive avenues for physician selection." *Id.* at 319. In *Heugel,* this Court addressed and expressly rejected the argument asserted by Claimant here. The Court examined the language of Section 306(a.2)(1) and concluded that "[c]learly, there is no requirement that the parties attempt to agree on a physician prior to Employer requesting the Bureau to select a physician." Slip op. at 6, 2013 WL 3960999 at *3. While we are not bound by *Heugel* because it is an unreported decision, we find the Court's conclusion and reasoning in *Heugel* persuasive.[3]

Indeed, the rules of statutory construction require the rejection of Claimant's contention that the employer must seek agreement on a physician before requesting Bureau designation of an IRE physician. It is a fundamental principle of statutory construction that the courts must give effect to the legislative intention as expressed by the words of the statute and cannot, under the guise of construction, add requirements or conditions that the General Assembly did not include in the statute's language. *Shafer Electric & Construction v. Mantia,* 626 Pa. 258, 96 A.3d 989, 994, 997 (2014); *Commonwealth v. Fedorek,* 596 Pa. 475, 946 A.2d 93, 99–100 (2008); *Commonwealth v. Rieck Investment Corp.,* 419 Pa. 52, 213 A.2d 277, 282 (1965); *Summit School, Inc. v. Department of Education,* 108 A.3d 192, 199 (Pa.Cmwlth.2015); *see generally* 1 Pa.C.S. §§ 1903, 1921(b). "[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include." *Shafer Electric & Construction,* 96 A.3d at 994 (quoting *Commonwealth v. Rieck Investment Corp.*).

The language of Section 306(a.2) provides that the IRE physician shall be "chosen by agreement of the parties, or as designated by the department," 77 P.S. § 511.2(1), not that the physician shall be "chosen by agreement of the parties, or, if the parties cannot agree, as designated by the department." If the General Assembly had intended to require the employer to attempt to obtain the claimant's agreement on a physician prior to requesting the Bureau to designate an IRE physician, it would have included language requiring the employer to consult the claimant or restricting the circumstances in which the Bureau may designate an IRE physician.

**3.** *Stanish v. Workers' Compensation Appeal Board (James J. Anderson Construction Co.),* 11 A.3d 569 (Pa.Cmwlth.2010), relied on by Claimant, does not hold that Section 306(a.2) requires a prior attempt to obtain the claimant's consent before an employer may request Bureau designation of an IRE physician. The language in *Stanish* that "[i]n the event the parties cannot agree on an IRE physician, Employer may request the Bureau to designate one" is in the Court's perfunctory discussion of the procedure on remand as a result of its ruling the employer was entitled to request a new IRE *nunc pro tunc,* not in the Court's analysis of Section 306(a.2). 11 A.3d at 577–78. The issue before the Court in *Stanish* was whether an IRE based on an earlier addition of the American Medical Association Guides was valid; how an IRE physician is designated and the meaning of the language "chosen by agreement of the parties, or as designated by the department" were neither before the Court nor analyzed by the Court.

Because no such language appears in the statute, we cannot rewrite Section 306(a.2) to impose that requirement. *Lewis,* 856 A.2d at 316–18 (rejecting argument that employer must show change in claimant's medical condition or disability before requesting a second IRE because Section 306(a.2)(6) permits up to two IREs in a 12–month period and contains no language requiring any showing of changed circumstances before requesting a second IRE); *Hilyer v. Workers' Compensation Appeal Board (Joseph T. Pastrill, Jr. Logging),* 847 A.2d 232, 233–37 (Pa.Cmwlth.2004) (same).

■ Contrary to Claimant's assertion, the conclusion that Section 306(a.2) permits the employer to choose between the alternatives of joint selection of the IRE physician and Bureau designation does not render either alternative meaningless. As noted above, Bureau designation is a selection by an independent party, not by the employer. An employer, if it wishes to select the IRE physician, must obtain the claimant's agreement. *Lewis,* 856 A.2d at 318–19. If the employer chooses not to obtain the claimant's agreement, the Bureau selects the IRE physician, and the employer loses the ability to determine or influence the identity of the IRE physician. The fact that Section 306(a.2) gives the employer the choice of these two alternatives does not undermine the intent of the language "chosen by agreement of the parties, or, as designated by the department," which is to prohibit unilateral selection of IRE physicians by employers, *Lewis,* 856 A.2d at 318–19, not unilateral choice by employers between methods of obtaining an independently selected IRE physician.

■ Moreover, consideration of the legislative purpose of this statute does not justify the judicial redrafting that Claimant seeks. The purpose of Section 306(a.2) is to reduce workers' compensation costs and restore efficiency to the workers' compensation system. *Gardner,* 888 A.2d at 759 n. 1, 765; *Hilyer,* 847 A.2d at 235. Nothing in that purpose requires prior negotiation and attempt to obtain the claimant's agreement before seeking Bureau designation of an IRE physician. To the contrary, a requirement that employers go through an additional step of seeking agreement on an IRE physician from the claimant before requesting Bureau designation will cause unnecessary delay and inefficiency where the parties cannot reach an agreement, contrary to the purpose of Section 306(a.2).

Because the Board correctly held that Section 306(a.2) of the Act does not require an employer to seek the claimant's agreement on an IRE physician, we affirm the Board's order.

### *ORDER*

AND NOW, this 14th day of July, 2015, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.