# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Beasley,             :
         Petitioner       :
                              :
        v.                   : No. 634 C.D. 2016
                              : Submitted: November 10, 2016
Workers' Compensation Appeal    :
Board (Peco Energy Company),     :
              Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: December 22, 2016

Vincent Beasley (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) reversing the Workers' Compensation Judge's (WCJ) denial of Peco Energy Company's (Employer) petition to change Claimant's disability status from total to partial pursuant to Section 306(a.2)(1) of the Pennsylvania Workers' Compensation Act (Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511.2, added by the Act of June 24, 1996, P.L. 350. Section 306(a.2)(1) states, in pertinent part:

> When an employe has received total disability compensation pursuant to [the Workers' Compensation Act] for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment

**(Footnote continued on next page…)**

# I.

## A.

On April 3, 2009, Claimant sustained an injury while working for Employer as an energy technician. On April 23, 2009, Employer issued a Notice of Compensation Payable (NCP) accepting as compensable an injury described as a cervical "strain/sprain"[2] later amended to also include chronic neck pain syndrome due to aggravation of multi-level injuries at C5, C6 and C7 and radiculopathy at C5-6 and C6-7. The NCP states that Claimant began receiving total disability benefits on April 15, 2009, but that the first benefits check was not mailed until April 23, 2009, the notice date of the NCP.

---

**(continued…)**

> shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1). An Impairment Rating Evaluation (IRE) requested within 60 days after the claimant has received 104 weeks of total disability that results in an impairment rating of less than 50 percent operates to automatically reduce the claimant's status to partial disability. *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 888 A.2d 758, 765-68 (Pa. 2005). An IRE is considered void if it is premature – *i.e.*, if the request is filed prior to the claimant receiving 104 weeks of benefit payments. *See Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 919 A.2d 913, 917 (Pa. 2007).

[2] Reproduced Record (R.R.) at 4a.

2

On April 15, 2011, Employer filed a Request for Designation of a Physician to Perform an Impairment Rating Evaluation (IRE Request) with the Bureau of Workers' Compensation's (Bureau) Department of Labor and Industry (Department). Claimant objected to this designation contending that under Section 306(a.2) of the Act, 77 P.S. § 511.2, the parties must try to reach an agreement on the IRE physician before an employer may file an IRE request with the Department. Claimant did not, however, make any objection that the IRE Request was untimely. The WCJ ordered Claimant to submit to a physical examination finding that Employer "met its burden of proving that it properly requested an [IRE] pursuant to Section 306(a.2)(1) by requesting the Bureau to designate an IRE physician." (R.R. at 14a.)

Claimant then underwent an IRE by the designated physician who determined that Claimant had reached maximum medical improvement (MMI)[3] with an impairment rating of two percent under the Sixth Edition of the American Medical Association's (AMA) *Guides to the Evaluation of Permanent Impairment* (Guides). However, because the designated physician passed away before a hearing could be held, the parties were informed that they needed to contact the

---

[3] In *Combine v. Workers' Compensation Appeal Board (National Fuel Gas Distribution Corp.)*, 954 A.2d 776 (Pa. Cmwlth. 2008), *appeal denied*, 967 A.2d 961 (Pa. 2009), this Court held that an IRE physician must first determine that a claimant has reached MMI before calculating an impairment rating. *Id.* at 780. As stated in *Combine,* "[t]he Guides instruct that an individual is at MMI when his condition has become static or stable and that while further deterioration or recovery may occur at some point in the future, one would not expect a change in condition at any time in the immediate future." *Id.* at 781.

Department for "redesignation." They then entered into a Stipulation of Facts providing, in pertinent part:

> [1.] In order to preserve the "status quo" of the claim, counsel for claimant agreed that employer could request a new Impairment Rating Evaluation.
>
> [2.] Both claimant and employer reserve all rights, duties, remedies and arguments available, as they may have pertained to the original IRE performed by [the original IRE physician.]

(R.R. at 35a, 36a.)

Employer then filed for the redesignation of an IRE physician (Redesignation Request) and Claimant reasserted his previous objections to the Department's designation of the original physician. Again, Claimant did not challenge the timeliness of the underlying IRE Request.

The Department then designated Dr. Daisy Rodriguez (Dr. Rodriguez) who performed Claimant's IRE on October 23, 2012, and concluded that Claimant had reached MMI with an impairment rating of 28 percent under the AMA Guides. On December 3, 2012, Employer filed a Notice of Change of Workers' Compensation Disability Status (Notice of Change), informing Claimant of his impairment rating and his change of disability status from total to partial in accordance with Section 306(a.2)(1) of the Act, 77 P.S. § 511.2(1). Claimant then filed a Petition to Review Compensation Benefits (review petition) with the WCJ

4

claiming that the IRE and Notice of Change was defective. Claimant's review petition again did not challenge the timeliness of the underlying IRE Request.

On Claimant's challenge to the IRE, Dr. Rodriguez testified that she is licensed to practice medicine in the Commonwealth of Pennsylvania, Board Certified in Internal Medicine and maintains at least 20 hours per week in clinical practice. Dr. Rodriguez testified that she attended a training course given by the American Board of Independent Medical Examiners, an approved agency for certification, on February 3, 2008, and January 13, 2013. The February 3, 2008 training course was in Tampa, Florida, and took place before the AMA Guides was revised in August 2008. Despite the training course's location and timing, Dr. Rodriguez believes the training course satisfied the Department requirements because they were included on her CV and provided to the Department when it designated her as Claimant's IRE physician. Dr. Rodriguez explained that she used the most recent AMA Guides to evaluate Claimant, which she was trained to use at the February 2008 course.

> The course in February of 2008, [was] given by . . . the [AMA Guides'] editors, as well as . . . another editor, [and] they brought to our attention the errors in the original division during that course. I was trained in the corrections and clarifications, not trained in the errors.

(R.R. at 132a.)

Dr. Rodriguez testified that Claimant had reached MMI with an impairment rating of 28 percent. She understood that Claimant's applicable

5

diagnoses were expanded by a subsequent decision by the WCJ, describing the work-related injuries as chronic neck pain syndrome due to aggravation of multi-level disc injuries at C5, C6 and C7 and radiculopathy at C5-6 and C6-7, as well as sprain and strain of the cervical spine. She used the Sixth Edition of the AMA Guides when conducting the IRE and explained both the definition of MMI and "reasonably presumed permanent" injuries. She stated that to reach MMI, an individual must not have experienced any improvement or deterioration in the 12 months preceding the examination and/or be expected to do the same in the 12 months following it.

Regarding Claimant reaching MMI, Dr. Rodriguez explained that she arrived at her determination by comparing Claimant's medical records with her clinical findings during a personal examination and history of Claimant and Claimant's responses on two different in-take evaluation forms that she administered, and that her most recent medical records for Claimant dated back 12 months prior to her examination of Claimant. She explained that she relied on Claimant's answers and explanations at the examination and in the two evaluation forms to determine whether Claimant's condition improved or deteriorated over the previous 12 months and whether Claimant underwent or scheduled any procedures for his injuries.

No other testimony was provided by either party in this matter and Claimant did not present any expert testimony of his own. Claimant also did not present any evidence or testimony indicating further deterioration or improvement

6

of his injury. Claimant has not indicated that he underwent any medical procedures in the year leading up to the IRE or in the year after it was performed.

## B.

On August 25, 2014, the WCJ denied Employer's Petition for Modification of Benefits because she found that Employer's IRE Request was premature because "Employer has presented neither evidence[] nor any agreement to establish the date [C]laimant received 104 weeks of total temporary disability benefits. It is therefore impossible to determine whether [E]mployer's request for an IRE was timely, premature or late." (R.R. at 162a.)

The WCJ also denied changing Claimant's disability status because Dr. Rodriguez was "not able to competently, and/or credibly testify"[4] about Claimant reaching MMI because she failed to demonstrate that she fulfilled the training requirements set forth in 34 Pa. Code § 123.103(d) to be an approved IRE physician. She also found that the underlying IRE Request was defective because the Department's designation was made prior to both parties making a good-faith effort to agree on an IRE physician. Employer appealed to the Board.

On April 19, 2016, the Board reversed the WCJ.[5] It held that the IRE Request was timely because "[t]he [Employer's] NCP and the initial Request for

___

[4] (R.R. at 162a.)

[5] Prior to the Board's decision but after the WCJ's decision, we decided *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*en banc*), where we held that Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority because the General Assembly "proactively approved versions **(Footnote continued on next page…)**

7

Designation of a Physician were made part of the record and provide ample evidence that [Employer's] request was timely." (R.R. at 182a.) The Board also determined that Dr. Rodriguez was competent to testify about Claimant's MMI. Citing to our recent decision in *Logue v. Workers' Compensation Appeal Board (Commonwealth)*, 119 A.3d 1116 (Pa. Cmwlth. 2015), the Board also determined that Section 306(a.2)(1) of the Act[6] does not limit designation of an IRE physician to instances where the parties are unable to agree.

Before the Board, Claimant also contended under *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015), *appeal granted*, 133 A.3d 733 (Pa. 2016), a decision that was decided after the WCJ issued her decision, that Dr. Rodriguez's testimony was incompetent because she used the Sixth Edition the AMA Guides. In *Protz*, we held that Section 306(a.2) of the Act, 77 P.S. § 511.2, was an unconstitutional delegation of legislative authority because it proactively approved versions of the AMA Guides beyond the Fourth Edition without review. The Board refused to address the issue because Claimant had not appealed the WCJ's decision and had not lodged a challenge to the constitutionality of the enabling provision, noting that it "will only address the issues specifically raised by [Employer] on appeal." (R.R.

---

**(continued…)**

of the AMA *Guides* beyond the Fourth Edition without review." *Id.* (emphasis in original). On March 22, 2016, the Pennsylvania Supreme Court granted review. *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 133 A.3d 733 (Pa. 2016).

[6] 77 P.S. § 511.2(1).

at 212a.) Citing to Section 703 of the Administrative Agency Law, 2 Pa.C.S. § 703 and Pa. R.A.P. 1551(a)(1), it stated that this issue of the validity of the statute could be raised for the first time on appeal to this court. Claimant then filed this petition for review.

## II.

### A.

On appeal,[7] Claimant raises a number of issues that go to the validity of an impairment rating itself. First, Claimant contends that the Board erred in reversing the WCJ's determination that Employer's Notice of Change was void because Employer failed to demonstrate that the IRE Request was timely.[8] Claimant does not, however, actually contend that the IRE Request was premature nor does he provide the date that he "received" 104 weeks of benefit payments.

However, Employer established the timeliness of the IRE Request because the dates contained in Employer's IRE Request and NCP, when viewed together, establish a *prima facie* showing that the IRE Request was made 104 weeks after the initial date that benefit payments began to accrue. Specifically, Employer's NCP demonstrates that the initial date of benefit payments began on

---

[7] We review Board decisions to determine whether errors of law were made, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n.4 (Pa. Cmwlth. 2009).

[8] We are unable to find in the record where Claimant initially raised the issue of the timeliness of the IRE Request, but Employer does not allege that the issue was waived.

April 15, 2009, and Employer's IRE Request was issued on April 15, 2011, which was two days after Claimant should have received his 104th week of payments. The burden then shifted to Claimant to demonstrate that he did not actually "receive" the 104th week of benefits prior to the IRE Request. However, because Claimant only challenges the IRE Request's timeliness by raising questions – as opposed to offering proof – about when he actually "received" the 104th week of benefit payments, we find that Claimant did not meet his burden. As the Board properly concluded, "[Employer's] NCP and the initial Request for Designation of a Physician were made part of the record and provide ample evidence that Defendant's request was timely." (R.R. at 182a.)

**B.**

Claimant next contends that the Board improperly usurped the WCJ's determination that Dr. Rodriguez was incompetent to testify regarding Claimant's MMI when it equated the Bureau's "designation" of Dr. Rodriguez to conduct an IRE with its "approval" under 34 Pa. Code § 123.103(d). Pursuant to the Bureau's regulations:

> (d) In addition to the requirements of subsections (a) and (b), physicians designated by the Department to perform IREs shall meet training and certification requirements which may include, but are not limited to, one or more of the following:
>
> (1) Required attendance at a Departmentally approved training course on the performance of evaluations under the AMA "Guides to the Evaluation of Permanent Impairment."

10

(2) Certification upon passage of a Departmentally approved examination on the AMA "Guides to the Evaluation of Permanent Impairment."

(3) Other requirements as approved by the Department.

34 Pa. Code § 123.103(d).

However, when the Department designated Dr. Rodriguez as the IRE physician, it determined that she had met all the requirements of the above regulation and was "approved" to conduct IRE examinations. Absent any evidence by Claimant regarding the impropriety of that approval, the Board did not err when determining that Dr. Rodriguez fulfilled the requirements set forth in 34 Pa. Code §123.103(d).[9]

## C.

Claimant also contends that the Board improperly rejected the WCJ's determination that Dr. Rodriguez was "not able to competently and/or credibly testify," (R.R. at 162a), because she only had medical records that went back 12 months rather than all records since his injury. However, Claimant has at no point challenged the WCJ's determination that Dr. Rodriquez's clinical findings are

---

[9] Claimant also contends that like *Protz*, where we held there was an improper delegation of authority regarding "approval" of the AMA Guides, here, there is an improper assumption of "approval" by the Bureau of IRE courses presented in other states. However, *Protz* does not apply to the "approval" of IRE physicians by the Bureau because it involved an unconstitutional delegation of legislative power, not administrative determinations, and Claimant offers no evidence that the Bureau "approves" courses given in other states.

11

based on her examination and support her diagnosis that Claimant has reached MMI. Because her clinical findings supporting her diagnosis were not challenged – *i.e.*, the MMI – the question then is whether Dr. Rodriguez's failure to have all of Claimant's records makes her incompetent to testify that Claimant reached MMI.

As stated in *Combine*, "[t]he Guides instruct that an individual is at MMI when his condition has become static or stable and that while further deterioration or recovery may occur at some point in the future, one would not expect a change in condition at any time in the immediate future." 954 A.2d at 781. On Claimant having reached MMI, Dr. Rodriguez's testimony established that this determination was made in accordance with the AMA Guides. Although her most recent medical records for Claimant date back 12 months prior to the IRE, Dr. Rodriguez explained that her determination that Claimant reached MMI was based on a comparison of those medical records with Claimant's statements. As the Board properly found, a comparison of those medical records with Claimant's statements as well as:

> in-take evaluation form of Claimant's symptoms, complaints and obstacles, in addition to a current [personal] examination and history [of Claimant by Dr. Rodriguez] . . . [is] legally sufficient to ascertain whether Claimant had achieved MMI, and as Dr. Rodriguez's opinion was unrebutted by any other testimony or evidence of record, it established MMI required as a precondition of the IRE. As such, the WCJ erred in finding the IRE performed by Dr. Rodriguez was defective.

(R.R. at 188a-189a.) Given that her diagnosis and impairment rating were accepted by the WCJ and no contrary evidence has been offered, there was no need

12

for records beyond the previous 12 months to make that determination and the Board properly reversed the WCJ's refusal to accept Dr. Rodriguez's testimony as not competent.[10]

## III.

Finally, Claimant contends the Board erred in not applying *Protz* because Dr. Rodriguez used the Sixth Edition and not the Fourth Edition of the AMA Guides. Employer nonetheless maintains that Claimant, even though he was the prevailing party, should not be permitted to challenge his IRE impairment rating on appeal because he did not challenge the use of the most recent edition of the AMA Guides before the WCJ.

Normally, failure to raise an issue at all stages of the proceeding constitutes waiver because "[c]ase law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'" *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001) (quoting *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983)). There are exceptions though.

---

[10] Claimant also relies on *IA Construction Corporation v. Workers' Compensation Appeal Board (Rhodes),* 139 A.3d 154 (Pa. 2016), to support his contention that the WCJ may reject a change of status petition on the basis of finding the IRE physician's testimony incredible. That case is inapposite to this matter because it involved a petition to modify pursuant to Section 306(a.2)(6), 77 P.S. § 511.2(6), which places the burden on an employer to establish the requisites for modification. Here, Claimant was the burdened party and did not offer any testimony or evidence to demonstrate that the IRE was defective.

13

Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a), provides that:

> A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

*Id.* Moreover, Pa. R.A.P. 1551(a) also provides, in relevant part, that:

> . . . No question shall be heard or considered by the court which was not raised before the government unit except:
>
> (1) Questions involving the validity of a statute.[11]
>
> (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3) Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the

---

[11] In *Winchilla v. Workers' Compensation Appeal Board (Nexstar Broadcasting),* 126 A.3d 364 (Pa. Cmwlth. 2015), a claimant challenged his employer's modification petition by contending that the IRE provisions of the Act were unconstitutional. In his appeal to the Board, he repeated that argument. However, because he did not preserve that issue in his Petition for Review to this Court, we found that it was waived because he did not present the question of the validity of the statute to us.

government unit for further consideration of the additional question.

*Id.* (footnote added).

Because this matter began before *Protz* was decided, this appeal involves the validity of a statute and Claimant raised this issue at the first opportunity to do so. Under both Section 703 of the Administrative Agency Law and Pa. R.A.P. 1551(a), Claimant was allowed to raise the issue of the improper use of the Sixth Guide on appeal. *See Ruse v. Workers' Compensation Appeal Board (Valley Medical Facilities Swickley),* (Pa. Cmwlth. No. 952 C.D. 2014, filed January 13, 2016); *see also Mazuruk v. Workers' Compensation Appeal Board (Gillin & Sons Contracting, Inc.)*, (Pa. Cmwlth. No. 1216 C.D. 2015, filed Oct. 14, 2016) (both applying *Protz* even though the case was decided after the Board's decision and the claimant's petition for review.)

Accordingly, the Board's order is vacated and this matter is remanded to the Board with instruction to remand to the WCJ to determine if the Fourth Edition and the Sixth Edition of the AMA Guides are different with respect to the injuries at issue and, if so, receive testimony as to the impairment rating based on the Fourth Edition of the AMA Guides.

_____
DAN PELLEGRINI, Senior Judge

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Beasley,                                    :
             Petitioner                        :
                                         :
             v.                              : No. 634 C.D. 2016
                                           :
Workers' Compensation Appeal              :
Board (Peco Energy Company),              :
                Respondent                    :

**O R D E R**

AND NOW, this 22nd day of  December, 2016, it is hereby ordered that the order of the Workers' Compensation Appeal Board dated April 19, 2016, is vacated and this matter is remanded to the Workers' Compensation Appeal Board with instruction to remand to the Workers' Compensation Judge for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge