# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
:
Petitioner :
:
v. : No. 1447 C.D. 2016
: Submitted: January 6, 2017
Workers' Compensation Appeal :
Board (Logue), :
:
Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  March 30, 2017**

This matter is a petition filed by the Commonwealth of Pennsylvania (Employer) for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying modification of total disability benefits to partial disability based on an impairment rating evaluation (IRE) pursuant to Section 306(a.2) of the Workers' Compensation Act (Act).[1]  For the reasons set forth below, we reverse and remand.

Section 306(a.2) of the Act provides for IREs to evaluate the degree of permanent impairment caused by a work injury and for change of a claimant's

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.  Section 306(a.2) was added by the Act of June 24, 1996, P.L. 350, No. 57, § 4, *as amended*, 77 P.S. § 511.2.

disability status from total disability to partial disability based on the degree of impairment determined by the IRE. Section 306(a.2)(1) states:

> When an employe has received total disability compensation pursuant to [the Act] for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1) (emphasis added). A valid IRE that results in an impairment rating of less than 50% permits a change in the claimant's status to partial disability. 77 P.S. § 511.2(2); *IA Construction Corp. v. Workers' Compensation Appeal Board (Rhodes)*, 139 A.3d 154, 155-56 (Pa. 2016).

If the IRE is requested within 60 days after the claimant has received 104 weeks of total disability benefits, an impairment rating of less than 50% operates to automatically reduce the claimant's status to partial disability. *IA Construction Corp.*, 139 A.3d at 155-56; *Diehl v. Workers' Compensation Appeal Board (I.A. Construction)*, 5 A.3d 230, 245 (Pa. 2010); *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 888 A.2d 758, 765-68 (Pa. 2005); *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Ketterer)*, 87 A.3d 942, 946 (Pa. Cmwlth. 2014). An IRE may be requested beyond that 60-day period under Section 306(a.2)(6), but reduction of claimant's

status to partial disability based on the results of such an IRE is not automatic and must be sought through a modification petition. 77 P.S. § 511.2(6); *IA Construction Corp.*, 139 A.3d at 156; *Diehl*, 5 A.3d at 245-46; *Gardner*, 888 A.2d at 766-68; *Verizon Pennsylvania Inc.*, 87 A.3d at 946. Section 306(a.2)(1)'s requirements for a valid IRE, other than the 60-day limitation, apply to IREs requested and performed under Section 306(a.2)(6). *Diehl*, 5 A.3d at 245-46; *Logue v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 119 A.3d 1116, 1119 (Pa. Cmwlth. 2015); *Verizon Pennsylvania Inc.*, 87 A.3d at 946.

The requirements set forth in Section 306(a.2)(1) are mandatory. *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 919 A.2d 913, 917 (Pa. 2007); *Gardner*, 888 A.2d at 765-66; *Verizon Pennsylvania Inc.*, 87 A.3d at 946. Because Section 306(a.2)(1) of the Act provides that an IRE may be requested only after the expiration of the 104-week period, an IRE requested before the claimant has received 104 weeks of total disability benefits is invalid and cannot support a modification of benefits to partial disability. *Dowhower*, 919 A.2d at 917-18.

William Logue (Claimant) suffered an injury to his right wrist in his employment with Employer on February 11, 2002 and received total disability benefits for that injury under a Notice of Temporary Compensation Payable (NTCP) dated December 19, 2002 that described the injury as a right wrist strain and sprain. (3/9/15 WCJ Decision Finding of Fact (F.F.) ¶1; Claimant Ex. 1 Stipulation ¶¶1-9, Reproduced Record (R.R.) at 28a-29a.) On November 2, 2012, Employer filed a request with the Bureau for designation of a physician to perform an IRE examination of Claimant under Section 306(a.2) of the Act, and the Bureau

designated Dr. Yutong Zhang as the physician to perform the IRE. (Claimant Ex. 3 9/24/14 Board Opinion at 1, R.R. at 36a.) Claimant refused to appear for an IRE examination by Dr. Zhang and Employer, in December 2012, filed a petition seeking an order compelling Claimant to appear for examination by Dr. Zhang. (Claimant Ex. 2 4/18/13 WCJ Decision F.F. ¶3, R.R. at 33a; Claimant Ex. 3 9/24/14 Board Opinion at 1, R.R. at 36a.) Claimant, in response, objected to the IRE solely on the ground that Employer did not consult with his counsel and attempt to reach an agreement on the IRE physician before requesting that the Bureau designate an IRE physician. (Claimant Ex. 2 4/18/13 WCJ Decision F.F. ¶5, R.R. at 33a.) On April 18, 2013, a WCJ granted Employer's petition to compel Claimant to appear for the IRE. (3/9/15 WCJ Decision F.F. ¶6; Claimant Ex. 2 4/18/13 WCJ Decision, R.R. at 31a-33a.)

Claimant appealed this order to the Board, again arguing as his sole objection to the IRE that Employer was required to attempt to reach an agreement on the IRE physician before requesting that the Bureau designate an IRE physician, and on September 24, 2014, the Board affirmed the order that Claimant submit to the IRE. (Claimant Ex. 3 9/24/14 Board Opinion, R.R. at 34a-39a.) Claimant appealed the Board's order to this Court, contending only that the IRE could not be ordered because Employer had not consulted on the selection of the IRE physician, and this Court affirmed. In upholding the order that Claimant appear for the IRE, this Court noted that Claimant had been receiving total disability benefits since 2002 and that the IRE was "under Section 306(a.2)(6) [of the Act], not under Section 306(a.2)(1), as it was requested approximately 10 years after Claimant began receiving benefits, not within 60 days after he had received two years of total disability benefits." *Logue*, 119 A.3d at 1118-19. Although Claimant

4

unsuccessfully sought reargument *en banc* in this Court and allowance of appeal from the Pennsylvania Supreme Court, he did not in either of those petitions dispute the accuracy of these conclusions that he had received more than 104 weeks of total disability benefits before Employer requested the IRE.

While these appeals were pending, Claimant complied with the order to appear for an IRE. On July 16, 2013, Dr. Zhang conducted an IRE of Claimant and found that Claimant had a 27% impairment from his 2002 work injury. (Employer Ex. 1 Zhang Dep. at 17 & Dep. Ex. 2, R.R. at 71a, 108a-115a.) On November 26, 2013, Employer filed a petition to modify Claimant's benefits from total disability to partial disability benefits based on Dr. Zhang's IRE. This modification petition was assigned to a different WCJ from the WCJ who ordered the IRE. In support of its modification petition, Employer submitted the deposition testimony of Dr. Zhang and his IRE report. A number of other documents were also admitted in evidence, including a 2010 WCJ decision and stipulation concerning Claimant's disability benefits, the 2013 and 2014 WCJ and Board decisions on the petition to compel the IRE, and Verifications of Employment, Self-Employment or Change in Physical Condition filed by Claimant.

On March 9, 2015, the WCJ denied Employer's modification petition both on the ground that Employer had failed to show that Claimant had received workers' compensation total disability benefits for 104 weeks and on the ground that Dr. Zhang's testimony was not credible. (3/9/15 WCJ Decision F.F. ¶¶25-29, Conclusions of Law (C.L.) ¶¶2-3.) Employer timely appealed to the Board, contending that it satisfied the requirement that Claimant had received 104 weeks of total disability benefits, that the WCJ erred in rejecting Dr. Zhang's testimony, and that the WCJ improperly relied on inadmissible hearsay evidence. (Employer

5

Appeal to Board, R.R. at 7a-10a.) The Board affirmed on July 29, 2016, addressing only the issue of whether Employer showed that Claimant had received benefits for 104 or more weeks. (7/29/16 Board Opinion at 4-7.) This appeal followed.[2]

Employer argues that the WCJ and Board erred in concluding that it did not show that Claimant had received at least 104 weeks of total disability benefits when it requested the IRE. We agree.

Where the evidence before the WCJ shows that the employer began paying the claimant total disability benefits more than 104 weeks before the date of its IRE request, the employer has made a *prima facie* showing that the IRE request complied with the requirement of Section 306(a.2) that the claimant had received workers' compensation benefits for 104 or more weeks. *Beasley v. Workers' Compensation Appeal Board (PECO Energy Co.)*, 152 A.3d 391, 397 (Pa. Cmwlth. 2016).[3] Here, the 2010 WCJ decision and stipulation that were introduced in evidence established that Employer accepted Claimant's injury as compensable by a December 19, 2002 NTCP and paid Claimant total disability benefits under that NTCP, as the Claimant stipulated that his benefits were in an amount that was 66 and 2/3 percent of his average weekly wage. (Claimant Ex. 1

---

[2] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Verizon Pennsylvania Inc.*, 87 A.3d at 945 n.2.

[3] The Court notes that although counsel for Claimant represented the claimant in *Beasley*, he has not sought to call it to this Court's attention despite the fact that it is binding precedent directly adverse to arguments that he asserted in his brief. We remind counsel that the Rules of Professional Conduct require that "[a] lawyer shall not knowingly … fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel" and that this duty "continue[s] to the conclusion of the proceeding." Pa. R.P.C. 3.3(a)(2), (c).

Stipulation ¶¶2-3, R.R. at 28a.) Indeed, the WCJ found that Claimant received total disability benefits under the December 19, 2002 NTCP. (3/9/15 WCJ Decision F.F. ¶1.) The record also showed that the date of Employer's IRE request was November 2, 2012, over 500 weeks later. (Claimant Ex. 3 9/24/14 Board Opinion at 1, R.R. at 36a.)

This *prima facie* showing satisfied Employer's burden of proof as to the timeliness of the IRE unless the Claimant introduced evidence that he did not receive at least 104 weeks of benefits. *Beasley*, 152 A.3d at 397. Because Employer showed that the date of the IRE was more than 104 weeks after the date that its obligation to pay total disability benefits began, "[t]he burden then shifted to Claimant to demonstrate that he did not actually 'receive' the 104th week of benefits prior to the IRE Request." *Id.* Claimant did not introduce any such evidence. To the contrary, the evidence before the WCJ showed that Employer continued to pay Claimant total disability benefits between 2004 and October 2009, subject to required withholding for support orders. (Claimant Ex. 1 Stipulation ¶¶4-7, R.R. at 29a.) That period alone amounts to far more than 104 weeks. The evidence also showed that Claimant remained totally disabled throughout the entire period from 2002 until Employer's IRE request, as Claimant represented in multiple Verifications of Employment, Self-Employment or Change in Physical Condition from February 2010 to November 2013 that he had not worked at all since his 2002 work injury. (Claimant Ex. 5, R.R. at 45a-54a.) There was no evidence of any suspension, modification or termination of Claimant's total disability benefits and the only evidence that Employer did not fully pay Claimant total disability benefits was limited to a period from October 9, 2009 through March 26, 2010, approximately 24 weeks of the more than 500

weeks between the NTCP and the IRE request. (Claimant Ex. 1 Stipulation ¶¶1, 7-9, R.R. at 28a-29a.) Indeed, Claimant does not dispute in his brief that he actually received more than 104 weeks of total disability benefits before Employer requested the IRE in November 2012 and he never disputed that fact in his prior appeals challenging Employer's IRE request.

The WCJ and Board therefore erred in holding that the IRE was invalid. The WCJ, however, did not base her denial of Employer's modification petition solely on the ground that Employer failed to satisfy its burden of proving that Claimant had received at least 104 weeks of total disability benefits. Rather, she also found that Dr. Zhang's testimony was not credible and held that "Employer has failed to present sufficient credible evidence to establish their [*sic*] entitlement to modify Claimant's benefits status to partial disability benefits." (3/9/15 WCJ Decision F.F. ¶¶ 28-29, C.L. ¶2.)

Although Employer challenged the WCJ's rejection of Dr. Zhang's testimony and the evidence on which she based that ruling in its appeal to the Board, the Board did not address any of the arguments asserted by Employer other than the issue of whether Claimant had received at least 104 weeks of total disability benefits. Where, as here, the Board has ruled on only one of the issues before it and has not considered the other claims of error, the matter is properly remanded to the Board to review and rule on the remaining issues before this Court considers the merits of those arguments. *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 934 A.2d 774, 778–79 (Pa. Cmwlth. 2007) ("The Board, not this Court, must review … decisions of the WCJ before this Court can undertake its appellate review" because "this Court is charged with reviewing Board decisions, not WCJ decisions").

Accordingly, we reverse the Board's order and remand this case to the Board to address the remaining arguments raised by Employer in its appeal to the Board from the March 9, 2015 WCJ decision.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, : 
: 
Petitioner : 
: 
v. : No. 1447 C.D. 2016
: 
Workers' Compensation Appeal : 
Board (Logue), : 
: 
Respondent : 

# **O R D E R**

AND NOW, this 30th day of March, 2017, the order of the Workers' Compensation Appeal Board in the above matter is matter is REVERSED, and this matter is REMANDED to the Board to consider Petitioner's remaining arguments that the Workers' Compensation Judge erred in denying its petition to modify compensation benefits.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge